# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**LARRY E. WALDEN**  **PETITIONER**
**ADC #149502**

**V.**  **CASE NO. 5:17-CV-241-JM-BD**

**WENDY KELLEY, Director,**  **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Either party to this suit may file written objections with the Clerk of Court within fourteen (14) days of the filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

In 2011, Petitioner Larry Walden was found guilty by a Sebastian County, Arkansas jury of aggravated robbery and was sentenced as a habitual offender to 60 years' imprisonment in the Arkansas Department of Correction. (Docket entry #11-2) Mr.

Walden appealed, and his conviction was affirmed by the Arkansas Court of Appeals on May 2, 2012. *Walden v. State*, 2012 Ark. App. 307. (#11-5)

On June 27, 2012, Mr. Walden timely filed a petition for post-conviction relief under ARK. R. CRIM. P. 37.[1] *Walden v. State*, 2014 Ark. 10; ARK. R. CRIM. P. 37.2(c)(ii) (petitions following appeals must be filed within 60 days of the issuance of the mandate). The circuit court denied the petition without a hearing, and Mr. Walden appealed. *Id*. The Arkansas Supreme Court reversed and remanded the appeal directing the circuit court to more fully specify its findings. *Id*.

After a hearing, Mr. Walden again was denied post-conviction relief. He appealed the denial of his petition to the Arkansas Supreme Court. On September 15, 2016, the Arkansas Supreme Court affirmed the denial of post-conviction relief, finding that Mr. Walden had failed to demonstrate either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1985). *Walden v. State*, 2016 Ark. 306, 11. The mandate issued on October 4, 2016.

Mr. Walden initiated the instant petition on September 18, 2017. (#2) Respondent contends that Mr. Walden's claims are barred by the applicable statute of limitations. In the alternative, Respondent argues the claims either are procedurally defaulted or that the Arkansas Supreme Court's adjudication of the ineffective-assistance-of-counsel claims is due deference.

---

[1] The filing date of the Rule 37 Petition filed in *Walden v. State*, CR-09-676 was verified by a search of the appellate docket. The petition was attached to appellant's brief in *Walden v. State*, CR-12-669 (May 15, 2013) and can be found at http://caseinfo.aoc.arkansas.gov/cconnet.

## III. Discussion:

The instant Petition is untimely.[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012).

Here, Mr. Walden had 18 days from the entry of the May 2, 2012, decision of the Arkansas Court of Appeals affirming his conviction; that is, until May 20, 2012, to file a petition for review with the Arkansas Supreme Court. ARK. SUP. CT. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals's decision). However, because May 20th fell on a Sunday, the deadline rolled to May 21, 2012. See ARK. R. APP. P.–CRIM. 17. Therefore, the federal one-year limitation period began to run no later than May 22, 2012.

When Mr. Walden filed a proper Rule 37.1 petition with the circuit court on June 27, 2012, the statute of limitations was tolled with respect to his habeas claim. 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that the time during which a "properly filed

---

[2] Because the Court agrees that Mr. Walden's claims are barred by the statute of limitations, there is no point in addressing the other arguments raised by Respondent in her response.

3

application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes, however, when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. See *Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (state post-conviction application remains "pending" until state's highest court has issued its mandate or denied review); *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (state post-conviction proceedings reached final resolution upon issuance of mandate); ARK. SUP. CT. R. 5-3(a) (in all cases, mandate will be issued when appellate decision becomes final).

Accordingly, the time for filing a petition under 28 U.S.C. § 2254 began running, at the latest, on October 6, 2016, the day after the mandate was issued. Subtracting the 36 days that ran between the time Mr. Walden's direct appeal became final and the tolling period began (May 22, 2012 to June 27, 2012), he had 329 days, or until August 31, 2017, to file a timely federal habeas petition. Mr. Walden, however, did not file his petition until September 18, 2017, roughly 18 days after the statute of limitations had expired. Accordingly, there is no question that Mr. Walden's petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

While the limitations period in § 2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), in order to benefit from equitable tolling, a petitioner must show that he pursued his rights diligently but that some extraordinary circumstances stood in his way and prevented a timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Mr. Walden does not allege that

extraordinary circumstances prevented him from filing a timely habeas petition. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely federal habeas petition. Consequently, he is not entitled to equitable tolling.

### IV. **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Walden has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Walden has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### V. **Conclusion:**

Mr. Walden's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 1st day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE